### 16175.   TOMPKINS v. HARDISON et al.

STEPHENS, J.  1. The evidence is sufficient to establish the contract sued on and a breach thereof by the defendants.

2. Whether or not the contract was reduced to a writing satisfying the statute of frauds, there appears to have been such part performance as would authorize a finding that the contract was taken out of the statute.

3. The trial court erred in overruling the plaintiff's motion to reinstate the case after a nonsuit.

4. The trial court, when making the judgment of the Court of Appeals (31 Ga. App. 265, by which a judgment of the trial court in this case was reversed) the judgment of the trial court, erred in not entering up judgment for $15 court costs due the State of Georgia, taxed in the remittitur and recovered in the Court of Appeals. This is true although the case had been to the Court of Appeals upon an affidavit in forma pauperis. Sigman v. Austin, 112 Ga. 570 (37 S. E. 894).

Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 26, 1926.

Action for breach of contract; from city court of Dublin—Judge Sturgis.   December 27, 1924.

STATEMENT OF FACTS BY STEPHENS, J.

This is a suit by I. D. Tompkins against J. H. Hardison and others for damages on account of the breach of an alleged contract under which the plaintiff purchased a sawmill from the defendants and contracted to cut and saw a certain body of timber for them.  The contract sued upon, as established by the testimony of the plaintiff, was as follows: "I had a contract with the Hardison-Gragg Lumber Company on August 8, 1919.  I made that contract with Mr. J. H. Hardison. We contracted to cut a certain tract of timber on Mr. O. S. Kennedy's place and Mr. Tom Smith's place.  I contracted with him to cut it.  He guaranteed me 500,-000 feet. . .  The trade was that I was to cut timber on those two places at $12 a thousand, and he was to pay me $11 a thousand, and the other $1 was to go on the mill until I paid for the mill.  He was to pay me that much.  He said there would be 500,-000 feet of that timber.  If I had cut the 500,000 feet of timber for him, I was to continue to cut for him. . .  The first 500,-000 feet of timber that I cut was to be cut at the sum of $12 a thousand, and I was to put $1 a thousand on the mill.  $1 a

Costs, 15 C. J. p. 238, n. 55 New.
Frauds, Statute of, 27 C. J. p. 385, n. 25.
Logs and Logging, 38 C. J. p. 193, n. 5.
Trial, 38 Cyc. p. 1557, n. 21.

thousand was to go on the mill. . . All those advances that was made to me by Mr. Hardison was to come out of that $12-a-thousand proposition, I was to pay him back for those advances he made me. I was to pay him out of the lumber that I sawed, and he was to pay me for what I sawed. He was to pay me $11 a thousand, and the other $1 was to go on the payment of the mill. . . The contract between me and him was that the title of the mill was to be in him, and I was to pay $1 a thousand on the mill until I got it paid for, and then it was to be mine. That was the contract between me and him. I bought the mill with the understanding that I was to pay $1 a thousand out of every thousand feet of lumber that I sawed; that was to be put in the contract. He guaranteed me 500,000 feet. He said that there would be at least 500,000 feet of lumber in that tract of land, and I was to pay $1 a thousand on the mill, which would have been $500 on the mill, and that would have left me due him $1000 and interest, and I was to go on and saw for him at other places until that mill was paid for. . . I was to get $12 a thousand to cut this particular tract of timber."

There was evidence to the effect that the contract between the parties was reduced to writing, and for some reason was not signed by them. There was also evidence that the contract as reduced to writing was to the same effect as the parol agreement testified to by the plaintiff. From the evidence, it appears that the plaintiff was placed in possession of the sawmill which he claims to have purchased under the contract, and that he entered upon the land and sawed a considerable portion of the timber.

*S. P. New,* for plaintiff.